IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PEDRO TORRES-TINAJERO, on behalf of )
himself and all other similarly )
situated persons, )
                              )
           Plaintiffs, )    CLASS ACTION
                              )
v. )    COMPLAINT
                              )
ALPHA CONSTRUCTION OF THE TRIAD, INC., )    COLLECTIVE ACTION § 216(b)
JUDITH J. BAUTISTA, and JEFFREY W. )
ALLEY, )    Civil Action No.:
                              )
           Defendants. )
_____)

I.   <u>PRELIMINARY STATEMENT</u>

     1.   This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and a class action under the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by one former employee against a closely held corporate defendant operated by the husband and wife defendants as part of a single enterprise with another corporation conducting related construction-related activities performed under unified operations or common control for their commercial and residential construction business enterprise in and around Greensboro and Kernersville, Guilford and Forsyth County, North Carolina.

     2.   The defendant corporation was and is part of a single business enterprise operated by its owner/officers defendants Judith J. Bautista and Jeff Alley since at least 2012 in one or more counties in North Carolina that are listed in 28 U.S.C. §§ 113(a)-(b). This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiff and the group of workers he seeks to represent in a collective action pursuant to 29 U.S.C. §

1

216(b) the wages they were due at the overtime rate required by 29 U.S.C. §207 when the defendants jointly and severally employed the plaintiff and those group of workers to perform hours worked in excess of forty hours in the same workweek.

3.    It is also brought as a class action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) based upon the defendants' failure to pay all wages when due on the regular scheduled payday for the plaintiff and those employees who are similarly situated to him based upon the defendants' failure to pay promised wages at 1½ the regular rate for all hours worked by the plaintiff and other similarly situated persons whom the defendants employed to pour concrete and to provide other construction-related services as part of the commercial and residential construction business enterprise operated by the defendants.

4.    In the alternative, in the event that the plaintiff's employment by the defendants in excess of 40 hours in the same workweek is not covered by the FLSA, this action is brought under N.C.Gen.Stat. §§ 95-25.4 and 95-25.22(a)-(a1) of the NCWHA and the NCWHA statutes cited in ¶3 above of this Complaint based upon the defendants' failure to pay the named plaintiff all promised wages as described in ¶3 above and at the overtime rate required by N.C.Gen.Stat. § 95-25.4 that was disclosed to him and other similarly situated employees pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the rate required by N.C.Gen.Stat. § 95-25.4 when those wages were due pursuant to N.C.Gen.Stat. § 95-25.6 of the NCWHA for those workweeks in which the plaintiff and those other similarly situated employees worked in excess of forty hours in the same workweek.

5.    Based upon his claims under 29 U.S.C. § 207 of the Fair Labor

Standards Act, his NCWHA claims under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) that are described in ¶3 above, and the plaintiff's alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) of the NCWHA that are described in ¶4 above, the plaintiff, and the and the collective group of workers he seeks to represent under the FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

## II.  JURISDICTION

6.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7.   This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

## III.  VENUE

8.   Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, a substantial part of the events or omissions giving rise to this action by the plaintiff occurred in one or more of the counties listed in 28 U.S.C. § 113(a), and defendant had and continues to have permanent offices located at 7707 Betsy Bruce Lane, Summerfield, North Carolina 27358-9376, 213 Berry Garden Road, Kernersville, North Carolina 27284-9449, and/or at 7007 US HWY 158 Stokesdale, NC 27357 at all times relevant to this action.

## IV.  NAMED PLAINTIFF

9.   Plaintiff Pedro Torres-Tinajero was continuously employed by the construction enterprise operated by defendants Judith J. Bautista and Jeffrey W. Alley beginning by at least 2013 until on or about

3

November 18, 2017 when he was injured in a work-related accident that arose out of and in the course of his joint employment by the defendants as a construction laborer and construction crew foreman. He presently lives in Winston-Salem, North Carolina.

V.    DEFENDANTS

10.    At all times relevant to this action, the defendant closely held for profit corporation Alpha Construction of the Triad, Inc. (hereinafter referred to as "Alpha Triad") and the closely held for profit corporation Alpha Construction of NC, Inc. (hereinafter referred to as "Alpha NC") were and continue to be a single business enterprise owned and operated by defendants Judith J. Bautista and her husband Jeffrey W. Allen.

11.    At all times relevant to this action, both Alpha Triad and Alpha NC provided related activities in the form of various construction activities required for the common business purpose of the commercial and residential construction business operated by both corporate defendant Alpha Triad and Alpha NC under the common control of President Judith J. Bautista for Alpha NC and President Judith J. Bautista for Alpha Triad and Secretary Jeffrey W. Allen for Alpha Triad.

12.    On information and belief, at all times relevant to this action, Alpha Triad and Alpha NC had unified operations with the principal place of business at which the construction equipment and vehicles owned and used in the business enterprise by one and/or both Alpha Triad and Alpha NC located at 213 Berry Garden Road, Kernersville, North Carolina 27284-09449, and then at 7007 US HWY 158 Stokesdale, NC 27357.

13.    At all times relevant to this action, this enterprise owned and operated by defendants Judith J. Bautista and Jeffrey W. Alley

4

operated in and around Guilford and Forsyth County, North Carolina.

14. Defendant Alpha Triad was and is a closely held corporation organized under the laws of the State of North Carolina in 2009. At all times relevant to this action, its registered agent for service of process and President was and is Judith J. Bautista, 7707 Betsy Bruce Lane, Summerfield, NC 27538.

15. Alpha NC was and is a closely held corporation organized under the laws of the State of North Carolina in 2012. At all times relevant to this action, its registered agent for service of process and President also was and is Judith J. Bautista, 7707 Betsy Bruce Lane, Summerfield, NC 27538.

16. Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, the single construction enterprise of Alpha Triad and Alpha NC that was and continues to be owned by defendants Judith J. Bautista and Jeffrey W. Alley had a combined annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

17. During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of that same defendant enterprise and all of the defendants and the named plaintiff handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) as part of their joint and several employment in that same defendant enterprise by all defendants. Those goods or equipment included, but were not limited, to the vehicles and some of the construction materials that the plaintiff and similarly situated

employees handled for the defendants as part of their regular employment duties for one or more of the defendants.

VI. FLSA STATUTORY CLASS ACTION ALLEGATIONS

18. The named plaintiff maintains this action against all of the defendants, jointly and severally, for and on behalf of himself and all other similarly situated current and/or former joint employees of the defendants who jointly employed him and those other similarly situated persons to perform hours worked in construction work and pouring concrete in and around Guilford and Forsyth County, North Carolina, other locales in North Carolina for each workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

19. The statutory class of similarly situated persons under 29 U.S.C. §216(b) described in ¶18 above is based upon the failure of the defendants to pay an overtime premium required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek to the named plaintiff and each member of that statutory class that he seeks to represent for each hour or part of an hour of actual work that each such similarly situated person was jointly or severally employed by one or more of the defendants to perform hours worked in construction and concrete work as part of the defendants' enterprise described in ¶¶10-17 above in the

6

time period described in ¶18 above.

VII. <u>FIRST RULE 23(b)(3) CLASS (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

20. The named plaintiff seeks to represent a class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805 that consists of the named plaintiff and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in the defendants' enterprise described in ¶¶10-17 above who were not employed in a bona fide executive capacity under 29 U.S.C. § 213(a)(1), and who:

(a) Performed hours worked in construction and pouring concrete as part of the defendant's enterprise described in ¶¶10-17 above for any workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing thereafter until a court of competent jurisdiction enters final judgment in this action, and

(b) Were, are and/or shall be jointly or severally employed by one or more of the defendants to perform hours worked more than forty (40) hours in the same workweek but were not paid at the overtime rate of 1½ times the regular rate at which each such employee was or will be jointly or severally employed by the defendants for all hours worked over 40 in the same workweek, and

(c) To whom one or more of the defendants disclosed pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) the defendants' employment practices and policies with regard to promised wages

21. On information and belief, the class defined in ¶20 above of this complaint consists of in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the

extreme geographic dispersion of many of the class members who are former employees of the defendants, the limited education possessed by a significant number of the class members, and the limited ability to communicate in English of a significant number of the class members.

22. The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed. R. Civ. P., are: (a) Whether the defendants jointly operated the enterprise that is alleged and described in ¶¶10-17 above of this complaint? (b) Whether the defendants jointly and severally employed the named plaintiff and the class members defined in ¶¶20(a)-(c) above that he seeks to represent as part of the enterprise that is described in ¶¶10-17 above? (c) Whether the defendants jointly and severally employed the plaintiff and the members of the class defined in ¶¶20(a)-(c) above for in excess of 40 hours worked during any workweek during the time period covered by the class defined in ¶¶20(a)-(c) above? (d) For the work described in ¶¶20(a)-(c) above, did one or more of the defendants disclose pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) to the named plaintiff and the members of the class defined in ¶¶20(a)-(c) above that he seeks to represent that the defendants would pay wages at 1½ times the regular rate of pay of the named plaintiff and the class members defined in ¶20(a)-(c) above that he seeks to represent for all hours worked in excess of 40 in the same workweek, (e) whether the defendant is covered by the FLSA; and (f) whether the records of the defendants demonstrate that the plaintiff and the putative members of the class defined in ¶20(a)-(c) above performed hours worked in excess of forty (40) hours in the same workweek?

23. The claim of the named plaintiff is typical of the claims of

the class of persons defined in ¶¶20(a)-(c) above in that the defendants jointly and severally employed him and those class members defined in ¶¶20(a)-(c) above in the enterprise described in ¶¶10-17 above to perform hours worked in excess of 40 hours in the same workweek and failed to compensate him and those same putative class members at 1½ times their regular rate of pay for each hour or part of an hour(s) that the defendants jointly and severally employed the named plaintiff and those same class members he seeks to represent.

24. The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶¶20(a)-(c) above of this complaint. The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for several class actions.

25. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶20(a)-(c) under Rule 23(b)(3).

26. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶20(a)-(c) above, substantially diminish the interest of members of the class defined in ¶¶20(a)-(c) to individually control the prosecution of separate actions;

(b) Many members of the class defined in ¶¶20(a)-(c) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) Upon information and belief, there is no pending litigation against the corporate and individual defendants named in this action by

the members of the class defined in ¶¶20(a)-(c) above to determine the questions presented, and, upon information and belief, the FLSA and NCWHA claims of only one putative class member, Salvador Regalado, have been the subject of one previous claim that was dismissed by a Stipulation between that parties to that claim;

(d)   It is desirable that the claims be heard in this forum because the corporate defendant's sole permanent office is located in this district, the two individual defendants reside in this district, and the cause of action arose in this district;

(e)   A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶20(a)-(c) above.

VIII. <u>FACTUAL ALLEGATIONS</u>

27.   The named plaintiff and/or the similarly situated employees of the defendants that are described in ¶¶9-20, inclusive, above of this complaint were jointly and severally employed in the defendants' enterprise that is described in ¶¶10-17 above by the defendants to perform construction work for the defendants' customers throughout North Carolina for varying periods of time described in ¶¶9-20, inclusive above of this complaint in that same enterprise.  At all times relevant to this action, the defendants regularly employed in the defendants' enterprise a workforce of approximately thirty (30) in 6 to 8 construction crews that the defendants assigned to work at a number of different worksites on any given day.

27A.   The plaintiff worked as a working foreman over one of those crews of workers that the defendants selected and hired.

27B.   The defendants or their project supervisor Zack Frederick

directed, controlled, and supervised the plaintiff's work and the work of the employees who worked in the crew of workers assigned to him by the defendants. That direction and control included but was not limited to regular determinations as to the number of workers who would be allowed to work at a particular worksite as members of the plaintiff's crew, daily determinations as to the particular work assignments that the plaintiff and his crew were to perform on each day, and the particular work assignments to be performed by one or more other crews of workers on other construction sites at which the defendants supplied other worker crews for other customers of the defendants as part of the defendants' enterprise.

27C. The defendants provided and paid for workers' compensation insurance for the work performed by the plaintiff, the workers in the plaintiff's crew, and the other construction workers that the defendants supplied to the defendants' customers as part of the defendants' enterprise.

27D. The defendants supplied, fueled, and maintained all of the major equipment and vehicles that were necessary for the day to day operation of the construction site at which the plaintiff and his crew and other workers in other crews performed their work as members of the crews of construction workers furnished by the defendants to their customers as part of the defendants' enterprise. The equipment supplied by the defendants included, but was not limited to generators, skill saws, fuel for the generator, bull floats to level ridges and fill voids left in the pouring of concrete, and to slightly embed the coarse aggregate to make subsequent finishing operations of concrete surfaces easier.

27E. The defendants supplied all of the funds to pay the

individual workers that were members of the crew for which the
plaintiff was foreman, determined their rates of pay, and when and how
they were paid.

27F.  The defendants had final say as to who was hired to work on
any construction site at which the defendants supplied any workers as
part of the plaintiff's crew.  The defendants had the right to fire
the plaintiff any time as an at will employee, and the defendants did
not hire the plaintiff for any specific duration or any specific
project.

27G.  The defendants had final say as to who was fired from
employment at any construction site at which the defendants supplied
any workers as part of the plaintiff's crew.

27H.  The plaintiff did not operate an independent business, and
was economically dependent upon the defendants for work and wages on a
day to day basis.

28.  In 2015, defendant Jeffrey Alley notified the plaintiff that
he would be paid by the defendants at the regular rate of $18/hour for
all hours worked that the defendants jointly and severally employed him
in calendar year 2015 to work in the construction enterprise that is
described in ¶¶10-17 below of this complaint.  Also in 2015, defendant
Jeffrey Alley notified the similarly situated employees described in
¶¶20(a)-(c) above that each of those same employees would be paid at a
regular hourly rate for the hours worked they performed in the
defendants' enterprise at any time in calendar 2015.

29.  During calendar year 2015, the defendants paid the plaintiff
and the similarly situated employees he seeks to represent that are
described in ¶¶18-20, inclusive, above at a straight hourly rate of
$18/hour for the plaintiff and at lower hourly rates for the other

12

similarly situated employees without any extra compensation for the hours they worked over forty in the same workweek during that same year.

30. In the time period beginning with the date falling three chronological years immediately preceding the date on which this action was filed and ending with the date falling two chronological years immediately preceding the date on which this action was filed, the plaintiff and the similarly situated employees described in ¶¶18-20, inclusive, worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶10-17 above.

31. In 2016, defendant Jeffrey Alley notified the plaintiff that he would be paid by the defendants at the regular rate of $20/hour for all hours worked that the defendants jointly and severally employed him in calendar year 2016 to work in the construction enterprise that is described in ¶¶10-17 below of this complaint. Also in 2016, defendant Jeffrey Alley notified the similarly situated employees described in ¶¶20(a)-(c) above that each of those same employees would be paid at a regular hourly rate for the hours worked they performed in the defendants' enterprise at any time in calendar 2016.

32. During calendar year 2016, the defendants paid the plaintiff and the similarly situated employees he seeks to represent that are described in ¶¶18-20, inclusive, above at a straight hourly rate of $20/hour for the plaintiff and at lower hourly rates for the other similarly situated employees without any extra compensation for hours worked over forty in the same workweek during that same year.

33. In the time period beginning with the date falling two chronological years immediately preceding the date on which this action was filed and ending with the date falling one chronological year

13

immediately preceding the date on which this action was filed, the plaintiff and the similarly situated employees described in ¶¶18-20, inclusive, worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶10-17 above.

34. In 2017, defendant Jeffrey Alley notified the plaintiff that he would be paid by the defendants at the regular rate of $22/hour for all hours worked that the defendants jointly and severally employed him in calendar year 2017 to work in the construction enterprise that is described in ¶¶10-17 below of this complaint. Also in 2017, defendant Jeffrey Alley notified the similarly situated employees described in ¶¶20(a)-(c) above that each of those same employees would be paid at a regular hourly rate for the hours worked they performed in the defendants' enterprise at any time in calendar 2017.

35. During calendar year 2017, the defendants paid the plaintiff and the similarly situated employees he seeks to represent that are described in ¶¶18-20, inclusive, above at a straight hourly rate of $22/hour for the plaintiff and at lower hourly rates for the other similarly situated employees without any extra compensation for hours worked over forty in the same workweek during that same year.

36. In the time period beginning with the date falling one chronological year immediately preceding the date on which this action was filed and ending with the date on which this action was filed and continuing thereafter for those persons who continue to be employed by the defendants in the defendants' enterprise, the plaintiff and the similarly situated employees described in ¶¶18-20, inclusive, worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the defendants' enterprise described in

¶¶10-17 above.

37.   Acting pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for the year in which the plaintiff and each member of the class defined in ¶¶20(a)-(c) above and the collective action defined in ¶¶18-19 above first began that person's joint and several employment by the defendants in the defendants' enterprise and continuing in each year thereafter through the present date, the defendant disclosed its employment practices and policies with regard to promised wages to the named plaintiff and those persons who were and/or are members of that same class.

38.   Acting pursuant to 29 C.F.R. § 516.4 and 29 U.S.C. § 211(c), for the year in which the plaintiff and each member of the class defined in ¶¶18-19 above first began that person's joint and several employment by the defendants in the defendants' enterprise and continuing in each year thereafter through the present date, the defendant disclosed its employment practices and policies with regard to application of the minimum wage and overtime provisions of the FLSA to the named plaintiff and those persons who were and/or are members of that same collective action.

39.   Among the disclosures described in ¶37 above that the defendants made to the named plaintiff and those employees who are members of the class action defined in ¶¶20(a)-(c) above was that defendants paid and would pay wages for all hours worked at 1½ times the regular rate of compensation paid to the plaintiff and those same employees for all hours worked in excess of 40 hours in the same workweek in the defendants' enterprise.

40.   Among the disclosures described in ¶38 above that the defendants made to the named plaintiff and those employees who are

members of the collective action defined in ¶¶18-19 above was that defendants paid and would pay wages for all hours worked at 1½ times the regular rate of compensation paid to the plaintiff and those same employees for all hours worked in excess of 40 hours in the same workweek in the defendants' enterprise.

41. During all of calendar years 2015, 2016, 2017, and continuing thereafter, the defendants failed to pay to plaintiff and the employees described in ¶¶18-19 above required wages at 1½ times the regular rate for all hours worked over 40 in the same workweek that the defendant employed the named plaintiff and each member of the collective action described in ¶¶18-19 above of this Complaint.

42. During all of calendar years 2016, 2017, and continuing thereafter, the defendants failed to pay to plaintiff and the employees described in ¶20(a)-(c) above promised wages under N.C.Gen.Stat. § 95-25.13(1)-(2) and 13 NCAC Tit. 12 § .0803 at 1½ times the regular rate for all hours worked over 40 in the same workweek that the defendant employed the named plaintiff and each member of the class described in ¶¶20(a)-(c) above of this Complaint.

43. As a direct and proximate result of the actions and omissions that are alleged in ¶41 above, the named plaintiff and the members of the collective action defined in ¶¶18-19 above who worked in excess of forty (40) hours per week in the same workweek did not receive wages at the rate and in the amount required by 29 U.S.C. § 207 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

44. As a direct and proximate result of the actions and omissions that are alleged in ¶42 above, the named plaintiff and the members of the class action defined in ¶¶20(a)-(c) above who worked in excess of forty (40) hours per week in the same workweek did not receive wages

16

when those wages were due on their regular weekly payday at the rate and in the amount required by N.C.Gen.Stat. § 95-25.6 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

45. During all of those same workweeks described in ¶¶20(a)-(c) and 27-37, inclusive, and 39 above, the named plaintiff and the classes of similarly situated employees defined in ¶¶20(a)-(c) above had and have an express or implied agreement with the defendants that one or more of the defendants would pay them all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that the defendants disclosed to them pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked that the named plaintiff and those same similarly situated employees performed for defendants in the defendants' enterprise as alleged above.

46. The defendants have not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶45 above, and by failing to comply, has failed to pay the named plaintiff and the class of similarly situated employees defined in ¶¶20(a)-(c) above all of the wages that the named plaintiff and that same class of similarly situated employees were and are due when those wages were due on their regular payday in violation of G.S. § 95-25.6.

47. Long before 2015, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek, what is and was considered to be the regular rate at which an employee is employed, and when a person is considered to be an employee under the FLSA and the NCWHA. The defendants acted in reckless and willful

17

disregard of the requirements of the FLSA with respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the plaintiff and the members of the collective action defined in ¶¶18-19 to payment of wages at the overtime rate required by 29 U.S.C. § 207(a) have been violated for the entire three-year time period immediately preceding the date on which this action was filed.

IX.  <u>FIRST CLAIM FOR RELIEF (FLSA § 207)</u>

48.  Paragraphs 1 through 47 above are realleged and incorporated herein by reference by the named plaintiff and each member of the collective action described in ¶¶18-19 above of this complaint that the named plaintiff seeks to represent pursuant to 29 U.S.C. §216(b) against all defendants.

49.  The defendants did not pay all wages due to the named plaintiff and the collective group of persons defined in ¶¶18-19 above of this complaint that the named plaintiff seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-19, inclusive, and 27-47, inclusive, above of this Complaint that was part of the defendants' enterprise that is described in ¶¶10-17 above.

50.  As a result of the willful and reckless disregard of the right of the plaintiff and the members of the collective action defined in ¶¶18-19 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named plaintiff and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

X.  <u>SECOND CLAIM FOR RELIEF (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

51.  Paragraphs 1 through 47 above are realleged and incorporated

herein by reference by the named plaintiff and the classes of persons defined in ¶¶20(a)-(c) above against all defendants.

52. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶9-17 and 20-47 above of this Complaint in violation of the agreement described in ¶¶28-29 above of this Complaint, the disclosures described in ¶¶28, 31, 34, 37, and 39 above, and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

53. As a result of these actions of the defendants in violation of the rights of the named plaintiff and the members of the class defined in ¶¶20(a)-(c) above, the named plaintiff and the members of that class have suffered damages in the form of unpaid wages, interest on unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XI.  THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA § 95-25.4)

54. In the alternative to the First Claim for Relief alleged in ¶¶48-50 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶1 through 17, and 20-47, inclusive, above are realleged and incorporated herein by reference by the named plaintiff against all defendants under the NCWHA.

55. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶9-17, inclusive, and 20-47, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

56. The defendants did not pay all wages due when those wages were due at the rate required by N.C.Gen.Stat. § 95-25.4 to the named plaintiff and the members of the class defined in ¶¶20(a)-(c) for the work described in ¶¶9-17, inclusive, and 20-47, inclusive, above of this

19

Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

57. As a result of these actions of the defendants in violation of the rights of the named plaintiff and the class defined in ¶¶20(a)-(c) above under N.C.Gen.Stat. §§ 95-25.4 and 95-25.6, the named plaintiff and the members of the class defined in ¶¶20(a)-(c) have suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Certify the named plaintiff as representative of the group of persons defined in ¶¶18-19 above of this Complaint in a collective action for back wages and liquidated damages under 29 U.S.C. §§ 207(a) and 216(b) pursuant to 29 U.S.C. §216(b);

(c) Certify the named plaintiff as representative of the class of persons defined in ¶¶20(a)-(c) above of this Complaint in a class action for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(d) In the alternative to certification of the plaintiff as representative of the group of persons defined in ¶¶18-19 above as prayed for in ¶(b) above of the Prayer for Relief, certify the named plaintiff as representative of the class of persons defined in ¶¶20(a)-(c) above of this Complaint in a class action for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(e) Enter judgment under the FLSA against defendants Alpha

Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally, and in favor of the named plaintiff and each member of the collective action defined in ¶¶18-19 above for compensatory damages against the defendants under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of that same collective action under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiff and each member of that same collective action performed any of the work described in ¶¶9-19, inclusive, and 27-47, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. § 216(b), plus any interest in the manner and at the rate authorized by law under 29 U.S.C. § 216(b);

(f) Enter judgment under the NCWHA against defendants Alpha Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally, and in favor of the named plaintiff and each member of the class action defined in ¶¶20(a)-(c) above for compensatory damages against the defendants under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of that same collective action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, and 95-25.22(a) for any workweek in which the named plaintiff and each member of that same class action performed any of the work described in ¶¶9-7, inclusive, and 20-47, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(g) in the alternative to the relief prayed for in ¶(e) above under the FLSA, enter judgment under the NCWHA against defendants Alpha

Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally, and in favor of the named plaintiff and each member of the class action defined in ¶¶20(a)-(c) above for compensatory damages against the defendants under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of that class action defined in ¶¶20(a)-(c) above under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, and 95-25.22(a) for any workweek in which the named plaintiff and each member of that same class action performed any of the work described in ¶¶9-17, inclusive, and 20-47, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(h) Award the named plaintiff the costs of this action against the defendants Alpha Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally;

(i) Award the named plaintiff reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants, Alpha Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally;

(j) Award prejudgment and post judgment interest against the defendants Alpha Construction of the Triad, Inc., Judith J. Bautista, and Jeffrey W. Alley, jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (f) and/or (g) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(k) Award such other relief as may be just and proper in this

action.

This the 5th day of March, 2018.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
Tel:(919)821-9031
Fax:(919)821-1763
488 Thompson Street
Pittsboro, NC  27312
Counsel for Plaintiff
rwillis@rjwillis-law.com