IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PEDRO TORRES-TINAJERO, on behalf of himself and all other similarly situated persons | ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | 29 U.S.C. § 216(b) COLLECTIVE ACTION |
| ALPHA CONSTRUCTION OF THE TRIAD, INC., JUDITH J. BAUTISTA, and JEFFREY W. ALLEY, | ) ) ) ) | |
| Defendants. | ) ) ) | Civil Action No.: 1:18-cv-160-WO-JEP |
| _____ | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY
RULE 23(b)(3) CLASS ACTION UNDER NCWHA**

Pursuant to LR 7.2(a), 7.3(a), and 23.1(b), MDNC, this Brief is filed in support of the

Plaintiff's Motion for Class Certification (Doc. #51) by the February 1, 2019 deadline

required by Doc. #28 at 3.

## I. STATEMENT OF THE CASE

This is a hybrid FLSA and NCWHA collective and class action filed on March 5, 2018

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North

Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§ 95-25.1 et seq. In the Complaint,

the plaintiffs alleged a collective action under the FLSA. *See* Doc. 1 at 6-7 (¶¶18-19). The

FLSA collective action is based upon alleged uncompensated work in excess of 40 hours

1

worked in the same workweek when the plaintiff and the members of that alleged collective action were misclassified as independent contractors when they were "employed" to perform construction and concrete work in and around the Triad for the construction enterprise operated by defendants Judith J. Bautista, her husband and/or former husband defendant Jeffrey W. Alley, the corporate entity, defendant Alpha Construction of the Triad, Inc. ("Alpha Triad") that they jointly owned and operated[1] a construction enterprise that consisted of two (2) separately organized but interconnected corporations – Alpha Triad and another closely held corporation entity, Alpha Construction of NC, Inc. ("Alpha NC") for which defendant Judith Bautista served as the President. *See* footnote one, *supra*, Doc. #29-7 at 1, Doc. #1 at 3-7 (¶¶9-19, inclusive) and at 10-18 (¶¶27-37, 41, 43, and 48-50), and 29 U.S.C. §§ 203(r) and 203(s)(1)(A)(i)-(ii).

In the Complaint, the plaintiffs also alleged two (2) *alternative* class actions under the NCWHA pursuant to Rule 23(b)(3), Fed.R.Civ.P. *See* Doc. 1 at 7-17 (¶¶20-37, 39, and 42-46), and at 18-20 (¶¶51-57). The first of those NCWHA class action claims is based upon the failure of the defendants to pay all wages when due under N.C.Gen.Stat. § 95-25.6 at 1½ times their regular hourly rate for all hours worked in excess of 40 hours in the same workweek that

---

[1] *See* Doc. #29-6 at 1 (NC Sec State website documents for Alpha Construction of the Triad, Inc., Accessed 9-21-18, listing defendant Judith J. Bautista as President and defendant Jeffrey W. Alley as Secretary of this corporate entity); and Doc. #29-7 at 1 (NC Sec State website documents for Alpha Construction of NC, Inc., Accessed 9-21-18, listing defendant Judith J. Bautista as President of this corporate entity).

was disclosed by the defendants to the named plaintiff and the members of the class of workers described in ¶20 pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) when the plaintiff and the members of that first NCWHA class were misclassified as independent contractors when they were "employed" to perform construction and concrete work in and around the Triad as part of that same construction enterprise. *See* Doc. 1 at 3-17 (¶¶9-17, and ¶¶20-37, 39, and 42, and 44-46), and at 18-19 (¶¶51-53), and Doc. #51 at 1-2 (¶(1). The second ***alternative*** NCWHA class action assumes that the Plaintiff will be unable to prove "enterprise coverage" under the FLSA[2], and is based upon the alleged failure to pay all wages when due at the overtime rate

---

[2] *See* Doc. #1 at 3-6 (¶¶9-17) and at 19-20 (¶¶54-57), Doc. #51 at 3 (¶(2)), 29 U.S.C. § 203(s)(1)(A)(i)-(ii) of the FLSA, *Polycarpe v. E & S Landscaping Service, Inc.*, 616 F.3d 1217, 1221-29 (11th Cir. 2010)("*Polycarpe*")(explaining and applying FLSA "handling goods or materials" element of "enterprise coverage" under § 203(s)(1)(A)); and *Brock v. Hamad*, 867 F.2d 804, 805-09 and 808 fn.6 (4th Cir. 1989)(applying "enterprise" definition under § 203(r) and coverage under the FLSA and "employer" status under the FLSA to individual operator of corporate structure). As noted in Doc. #51 at 2 fn.1, if the plaintiff can meet his burden to establish "enterprise coverage" under the FLSA (which coverage the defendants presently deny), then by operation of the NCWHA statutory exemption set forth in N.C.Gen.Stat. § 95-25.14(a)(1), the NCWHA overtime provision set forth in N.C.Gen.Stat. § 95-25.4 would not apply to the defendants and the plaintiff would have no "alternative" NCWHA overtime claim under N.C.Gen.Stat. § 95-25.4 as pled in Doc. #1 at 19-20 (¶¶54-57). *Compare* Doc. #1 at 3-6 (¶¶9-17)("enterprise coverage" allegations) *with* Doc. #14 at 1-2 (¶¶9-17)(denying all of same). In significant contrast, there is no NCHWA exemption which would deny the Plaintiff and the class defined in ¶(1) of the Plaintiff's Motion the protection of N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) of the NCWHA. *See Whitehead v. Sparrow Enterprises, Inc.*, 167 N.C.App. 178, 182-83, 605 S.E.2d 234, *disc.rev.denied*, 359 N.C. 856, 618 S.E.2d 240 (2005)(statutory exemption contained in N.C.Gen.Stat. § 95-25.14(a) does not apply to statutory obligation created by of N.C.Gen.Stat. § 95-25.6); Doc. #____ at 1 (¶(1) and at 2 fn.2, and cases cited therein.

required by N.C.Gen.Stat. § 95-25.4 when the Plaintiff and the members of that alternative class worked in excess of 40 hours in the same workweek pursuant to N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and 95-25.22(a1) when the plaintiff and the members of that second **alternative** NCWHA class were misclassified as independent contractors when they were "employed" to perform construction and concrete work in and around the Triad as part of that same construction enterprise. *See* Doc. 1 at 3-17 (¶¶9-17, and ¶¶20-37, and 43-44), and at 19-20 (¶¶54-57).

## II.     STATEMENT OF RELEVANT FACTS

In the Plaintiff's Complaint, the plaintiff seeks class relief under Rule 23(b)(3), Fed.R.Civ.P., for unpaid wages for the two (2) year time period immediately preceding the date on which this action was filed pursuant to N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 95-25.22(a), 95-25.22(a1), and 95-25.22(f), or, in the alternative, under N.C.Gen.Stat. §§ 95-25.4, 95-25.22(a), 95-25.22(a1), and 95-25.22(f), and collective action relief for the three (3) year time period immediately preceding the date this action was filed at the overtime rate required by 29 U.S.C. § 207(a)(1) pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Doc. #1 at 7-10 (¶¶20-26), and at 18-20 (¶¶48-57). The plaintiff's claim for that relief is based upon the defendants' misclassification of him and his co-workers as alleged independent contractors instead of as employees. *Id.* In that Complaint, the plaintiff alleges co-called "enterprise coverage" of his employment by the defendants under § 203(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A). *See* Doc. #1 at 4-7

4

(¶¶10-20); *Polycarpe*, 616 F.3d at 1221-29 (explaining and applying FLSA "handling goods or materials" element of "enterprise coverage" under § 203(s)(1)(A)); and *Brock v. Hamad*, *supra* (applying "enterprise" definition under § 203(r) and coverage under the FLSA and "employer" status under the FLSA to individual operator of corporate structure). In his Complaint the "enterprise" that the plaintiff alleges is one formed by defendants Bautista and Alley based upon the corporate units of Alpha Triad and Alpha NC for which they were co-owners, officers, and operators. *See* footnote one, *supra*.

Under LR 23.1(b), MDNC, and this Court's Order filed on October 24, 2018, the Plaintiff is obligated to file his motion for class action determination under Rule 23 by February 1, 2019. Doc. #28 at 3.

The Court has pending before it the Joint Motion of the Plaintiff and Defendant Judith J. Bautista Alley to approve the terms of the settlement agreement between the plaintiff and defendant Judith J. Bautista Alley and to permit the plaintiff to dismiss his claims against defendant Alpha Construction of the Triad, Inc. Doc. #44, Doc. #46, Doc. #47, Doc. #50, and Doc. #50-1. In those pleadings, the plaintiff and pro se defendant Judith J. Bautista Alley apologized for an unintended violation of the prohibition against a non-attorney representing the corporate defendant Alpha Construction of the Triad, Inc. in this litigation, and have filed papers to correctly reflect the joint motion of the plaintiff and the individual defendant Judith J. Bautista Alley to seek the approval of the Court for the dismissal of the plaintiff's individual claims against defendant Judith J. Bautista Alley pursuant to the terms of the Settlement

5

Agreement and proposed Consent Order filed with the Court. Doc. #43 (Joint Motion), Doc. #43-1 (Settlement Agreement), Doc. #44 (supporting Brief), Doc. #50 (Notice of filing of corrected proposed Order of approval and dismissal), and Doc. #50-1 (actual text of corrected proposed Order of approval and dismissal). In addition, pursuant to Rule 41(a)(2), Fed.R.Civ.P., the plaintiff also seeks an Order from this Court to allow the plaintiff to dismiss his individual claims against the corporate defendant Alpha Construction of the Triad, Inc. Doc. #46 at 4-6 (Parts I, II, and III.B.), Doc. #50, and Doc. # 51-1.

In the Plaintiffs' Motion for Class Certification (hereinafter "Plaintiff's Motion"), the plaintiff seeks certification pursuant to Rule 23(b)(3), Fed.R.Civ.P., with respect to first of the two NCWHA class claims alleged in the Complaint, or, ***in the alternative***, with respect to the second. The classes for which the plaintiffs move for certification under Rule 23(b)(3) in the Plaintiffs' Motion are defined in ¶¶20(a)-(c) and 51-53 of the plaintiffs' Complaint, and ¶¶20(a)-(b) and 54-57 of that same Complaint, as clarified and limited in ¶¶(1)-(2) of the Plaintiff's Motion to apply only to defendant Jeffrey W. Alley.

According to the Complaint, the Plaintiff's Motion, Doc. #51 at 1-2 (¶(1). of the Complaint, the Plaintiff's Motion, and the sworn Declarations that the named plaintiff has filed in support of Plaintiff's Motion, the plaintiffs' first NCWHA class action claim under Rule 23(b)(3), Fed.R.Civ.P., is based upon the defendant Jeffrey W. Alley's alleged and documented failure to pay all promised wages when due as required by N.C.Gen.Stat. § 95-25.6 to the named plaintiff and the members of the putative class defined in ¶¶20(a)-(c) at

6

the rate and basis that the defendants had disclosed to those same employees (1½ times their regular rate for all hours worked in excess of 40 in the same workweek) pursuant to the requirements of N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 NCAC Tit. 12 §§ .0803 and .0805(a)-(b). *See, e.g.,* Doc. #1 at 3-17 (¶¶9-17, and ¶¶20-37, 39, and 42, and 44-46), and at 18-19 (¶¶51-53); Doc. #51 at 1-2 (¶(1); Declaration of Plaintiff Pedro Torres-Tinajero attached[3], pages 1-7, and 14 (¶¶1-17, and 19-37); and Declaration of Yoana Caceres attached (translating Notice marked as Plaintiff's Exhibit I and attached to the Torres Declaration from Spanish into English version attached marked as Plaintiff's Exhibit H attached to Caceres Declaration). *See also Romero v. Mountaire Farms, Inc.*, 796 F.Supp.2d 700, 709-710 (E.D.N.C. 2011)("*Romero*"); and *Martinez-Hernandez v. Butterball LLC*, 578 F. Supp. 2d 816, 818-822 (EDNC 2008). *See also Adkins v. City of York*, C.A. No.: 0:17-cv-01053-MBS; 2018 U.S. Dist. LEXIS 30053, at *4-*7 (DSC filed Feb. 26, 2018)(same holding under SC Wage Payment Act)("*Adkins*").

As stated in ¶¶36-37 at page 13 of the Torres Declaration, the defendants complied, in material part, with the requirements of N.C.Gen.Stat. § 95-25.13(2) by posting in the place of business operated by Alpha Construction of the Triad, Inc. the poster required by N.C.Gen.Stat. 95-25.15(c) describing the wage rate to be paid for workweeks in which the plaintiff worked in

---

[3] After the original citation, each attached Declaration will be referred to by the name of the declarant, *e.g,* "Torres Declaration"

7

excess of 40 hours in the same workweek. Under the NCWHA definition of "employ"[4], the plaintiff has provided a wealth of evidence that demonstrates at least a prima facie case of employee status under the NCWHA and supports a determination that each factor required by Rule 23(a) and Rule 23(b)(3), Fed.R.Civ.P., supports class certification in this action. *See* Torres Declaration attached, pp. 1-17 (¶¶1-41).

Because the plaintiff expects that deposition and documentary discovery which he seeks pursuant to Rules 30(b)(1)-(2) and Rule 34(a)(1)(A) from Jeffrey W. Alley to enable him to conclusively establish the FLSA enterprise coverage under 29 U.S.C. § 213(s)(1)(A) that he alleges in his Complaint and in his supporting Declaration[5], the plaintiff will not brief class certification of the Third Claim for Relief described in ¶(2) of the Plaintiff's Motion as the viability of that Claim depends upon the non-existence of FLSA enterprise coverage. *See* footnote two, *supra*, and authorities cited therein.

---

[4] *See* N.C.Gen.Stat. § 95-25.2(3). The definition of "employ" under the NCWHA is identical to that used in the FLSA. *See* 29 U.S.C. § 203(g). Therefore, courts look to the definition of the term "employ" as used and applied under the FLSA. *See Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 707 (EDNC 2009). In January 2017, the Fourth Circuit recently reaffirmed the broad scope of "employee" status when compared to independent contractor status under the FLSA. *See Hall v. DIRECTTV, LLC*, 846 F.3d 757 (4th Cir. 2017); and *Schultz v. Capital Int'l. Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006).

[5] *See* Doc. #1 at 3-6 (¶¶9-17), Doc. 14 at 1-2 (¶¶9-17)(denying all allegations in Plaintiff's Complaint relating to enterprise coverage under 29 U.S.C. § 213(s)(1)(A), Torres Declaration at 4-7 (¶¶9-12, 15-16, 18, and 18A), and pages 1-6, 11-17, and 20-23 of Plaintiff's Exhibit J attached (at ¶¶1-8, and ¶¶17-24)(copy of Notice of Deposition and Request for Production of Documents served pursuant to Rule 30(b)(1)-(2) and Rule 34(a)(1)(A) on defendant Jeffrey W. Alley for deposition and document production on February 11, 2019).

Case 1:18-cv-00160-WO-JEP   Document 52   Filed 01/23/19   Page 8 of 26

## III.    STATEMENT OF THE QUESTIONS PRESENTED

(1)     Should the Plaintiff's Motion be granted with respect to the class described in ¶(1) of that same Motion?

(2)     Should the Plaintiff's Motion be granted with respect to the proposed Notice and method of distribution (U.S. Mail, postage prepaid, first class delivery to the addresses to be provided by defendant Jeffrey W. Alley?

(3)     Should defendant Jeffrey W. Alley be ordered to provide plaintiff's counsel with the last known addresses of the putative class members so that plaintiff's counsel can provide notice that this action has been certified as a class action under Rule 23(b)(3), Fed.R.Civ.P.?

## IV.    ARGUMENT

### A.    Legal Standard for Class Certification Under Rule 23(b)(3)

The legal standard for certification of a class action under Rule 23(b)(3) is well established.  *See Gariety v. Grant Thornton, LLP,* 368 F.3d 356, 362, and 365-67 (4th Cir. 2004).  *See also Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 2013 U.S.App.LEXIS 20905, at *2, and *14-*29 (4th Cir. Oct. 16, 2013)(interpreting Supreme Court's Rule 23(a)(2) commonality requirement holding in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011)); and *Rehberg v. Flowers Baking Co. of Jamestown*, LLC, DOCKET NO. 3:12-cv-00596-MOC-DSC, 2015 U.S. Dist. LEXIS 36929, at *9-*13 and *19-*36, 2015 WL 1346125 (W.D.N.C. filed March 24, 2015)("*Rehberg*")(certifying

9

class of alleged independent contractors claiming employee status under the NCWHA).

B.    **Members of the Class Are Ascertainable**

Rule 23 requires that the class be ascertainable ". . . so that members of a proposed class be 'readily identifiable' in reference to objective criteria." *EOT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). "The plaintiffs need not be able to identify every class member at the time of certification. But "if the class members are impossible to identify without extensive and individualized fact-finding or mini-trials, then a class action is inappropriate." *Id.* (internal quotations and citation omitted).

The plaintiff contends that the class is ascertainable because the precise identities of all class members can be readily determined from the business records maintained by defendant Jeffrey W. Alley and the other two defendants named in the caption of this pleading and from the IRS Form 1099's that they issued to class members. *See, e.g.,* Plaintiff's Exhibit G attached to the Torres Declaration attached to this Brief (IRS Form 1099's for 2014 through 2017 issued to Plaintiff for hourly wages paid to him by Defendants). This level of proof satisfies the ascertainability requirement of Rule 23. *See Rehberg*, *supra*, 2015 U.S. Dist. LEXIS 36929, at *9-*10.

C.    **The Class Proposed By the Plaintiff In ¶(1) of the Plaintiff's Motion Meets the Numerosity Requirement of Rule 23(a)(1)**

Rule 23(a)(1) provides that one of the requirements to bring a class action is that the class be "so numerous that joinder of all members is impracticable." The Fourth Circuit has

10

held that "[n]o specified number is needed to maintain a class action." *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984)(*quoting Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967)("*Cypress*")). In evaluating the numerosity requirement, numbers alone are not controlling. *Ballard v. Blue Shield of Southern West Virginia, Inc.*, 543 F.2d 1075, 1080 (4th Cir. 1976)(citing *Cypress*, 375 F.2d at 652-54)).

The "practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, and facility of making service on them if joined and their geographic dispersion." *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 231 (D.S.C. 2009)(citations omitted). In this circuit, class actions have been found to meet the numerosity requirement with as few as eighteen members. *See Cypress*, 375 F.2d at 653. At least one court in the Fourth Circuit has previously noted that generally speaking, "courts find classes of at least 40 members sufficiently large to satisfy the impracticability requirement." *In re Titanium Oxide Antitrust Litigation*, 284 F.R.D. 328, 337 (D.Md. 2012)(quoting *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D.Md. 1998). *Accord, Ganesh, LLC v. Computer Learning Ctrs, Inc.*, 183 F.R.D. 487, 489 (E.D.Va. 1998). *See also Town of New Castle v. Yonkers Contracting Co.*, 131 F.R.D. 38, 40 (S.D.N.Y. 1990); *Newberg, et al., Class Actions* § 3.05, at 3-25. In addition, appellate courts have recognized that "where the individual members of the class are widely scattered and their holdings are generally too small to warrant undertaking

11

individual actions", those facts will favor a finding of impracticality of joinder under Rule 23(a)(1).  *See, e.g., Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2nd Cir. 1972)(quoting *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969).  *Accord*, *Haywood v. Barnes*. 109 F.R.D. 568, 577 (E.D.N.C. 1986)("*Haywood*").

In the case at bar, the plaintiff has established that there are at least 30 and likely more putative class members given workforce turnover putative class members that were all affected by the wage practices that are the subject of the class in this case.  *See* evidence cited in Part II above of this memorandum.  In addition, the plaintiff submits that two other relevant facts are evident.  First, the individual wage claims of many of the former employees that he seeks to represent are "generally too small to warrant undertaking individual actions".  *See* Torres Declaration attached, p. 6 (¶16A) (employment tenure of many class members was limited to a few months or weeks).  Second, construction work by its nature is seasonal so that a substantial number of the putative class members are, as a practical matter, "widely scattered" when it comes to the practicality of their direct participation in and joinder as parties to this lawsuit.  Therefore, on the evidence before the Court, the plaintiffs respectfully submit that they have met their burden of proof with respect to numerosity under Rule 23(a)(1).

> D.     **The Class Proposed By the Plaintiff In ¶(1) of the Plaintiffs' Motion Meets the Commonality and Typicality Requirements of Rules 23(a)(2)-(3)**

"The requirements for typicality and commonality under Rule 23(a)(2) and Rule

23(a)(3), Fed.R.Civ.P., often merge." *Romero v. Mountaire Farms, Inc.*, 796 F.Supp.2d 700, 714 (E.D.N.C. 2011)("*Romero*")(citing *Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 305 (4th Cir. 1991)). "The threshold requirements of commonality and typicality are not high; Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of the class members." *Brown v. Nucor Corp*., 576 F.3d 149, 153 (4th Cir. 2009)(quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993)). "A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members, and if the plaintiff's claim is based on the same legal theory as those of the other members." *Romero*, 796 F.Supp.2d at 714 (citing *Haywood*, 109 F.R.D. at 578). "The commonality and typicality requirements may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the other class members." *Romero*, 796 F.Supp.2d at 714 (citing *Brousard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 344 (4th Cir. 1998) and *Haywood*, 109 F.R.D. at 578).

In this case the NCWHA liability of defendant Jeffrey W. Alley to the named plaintiff and the other construction and concrete workers he seeks to represent is based upon the same misclassification evidence and proof as to the uniform "employment practices and policies with regard to promised wages"[6] of defendant Jeffrey W. Alley for all putative members of the class defined in ¶(1) of the Plaintiff's Motion. *See* Doc. #29-4 at 11-12 and at 17

---

[6] *See* N.C.Gen.Stat. § 95-25.13(1)-(2)(using that phrase), and 13 NCAC Tit. 12 §§ .0803 and .0805(a)-(c)(defining that phrase).

(Defendants' files "related to Plaintiff" produced by Defendants including "Subcontractor Agreement" between plaintiff and Alpha Triad stating that Alpha Triad ". . . is a fully insured company that provides general liability insurance to all of its subcontractors", that "Subcontractor will be paid hourly . . .", and that "Alpha . . . will provide payment to subcontractors every Friday of each week"), Doc. #29-3 at 8 (Defendants' Answer to Interrogatory #12 stating under oath that "Plaintiff was paid weekly by Alpha [Triad], and the 1099 forms issued to Plaintiff reflect all work submitted by Plaintiff to Alpha [Triad] each year. Plaintiff would submit to Alpha [Triad], through his wife, Martha, a sheet setting forth what he expected to be paid for work he completed every Friday morning."); Torres Declaration attached, pp. 1-4 (¶¶3-8)(documenting that defendant Alpha Triad admitted that it was the "employer" of the plaintiff in connection with the workers' compensation claim that the plaintiff filed against it based upon the employment relationship that existed as of the November 18, 2017 date of injury and the chronological year immediately preceding that date); Torres Declaration, pp. 6-13 (¶¶15-35)(detailing evidence common to all class members relating to their common experience of direction, control, supervision and dependence upon the Defendants for their economic livelihood in the time period covered by this action); and Torres Declaration, p. 13 (¶¶36-37)(describing Defendants' common disclosure of their employment practices and policies with regard to promised wages at the rate of 1½ times their regular rate of pay for all hours worked in the same workweek).

Under relevant case authority these types of common and typical wage policies and

14

practices meet the commonality and typicality requirements of Rule 23(a)(2) and Rule 23(a)(3). *See Herzfeld v. 1416 Chancellor, Inc.*, Civil Action No. 14-4966, 2017 U.S. Dist. LEXIS 88732, at *19-*21 (E.D.Pa. filed June 9, 2017)(certifying class of exotic dancers misclassified as independent contractors who were denied overtime wages); and *Rehberg v. Flowers Baking Co. of Jamestown*, LLC, 2015 U.S. Dist. LEXIS 36929, at *12-*13 and at *19-*30 (certifying class of distributors under NCWHA who were alleged to be independent contractors who were denied overtime wages); and *Romero*, 796 F.Supp.2d at 714-15 (certifying class of meat processors pursuant to N.C.Gen.Stat. § 95-25.6 of the NCWHA who were denied wages at 1½ their regular rate for all hours worked over 40 in the same workweek).

In turn, that liability depends on common issues of law that are: (1) whether the plaintiff and the workers he seeks to represent were "employees" of any of the defendants, and (2) whether, when, and with what content did any of the Defendants make any wage disclosure(s) pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2), and (3) whether there was a violation of by the employer its duty under N.C.Gen.Stat. § 95-25.6 to pay its employees for all hours worked at the rate that it disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2). *See Romero*, 796 F.Supp.2d at 709-710 (rejecting FLSA preemption of claims for wages when due for all hours worked at the regular rate in excess of the minimum rate required by the FLSA, and for wages due for overtime wages at one and one-half times their regular hourly rate which is a part of the employees' accrued and earned wages); and

15

*Martinez-Hernandez v. Butterball, LLC*, 578 F.Supp.2d 816, 820-22 (E.D.N.C. 2008)("*Martinez-Hernandez*")(same holding as *Romero*), and *Adkins*, *supra*, 2018 U.S. Dist. LEXIS 30053, at *4-*7.

The plaintiff submits that in factual and legal circumstances that were materially identical to those involved in this case, other courts have determined that the plaintiff in those cases had met that plaintiff's burden to show commonality and typicality with the same type of N.C.Gen.Stat. § 95-25.6 claims for other "misclassification" alleged independent contractor work that is alleged in this case. *See Herzfeld v. 1416 Chancellor, Inc.*, Civil Action No. 14-4966, 2017 U.S. Dist. LEXIS 88732, at *19-*21 (E.D.Pa. filed June 9, 2017)(finding that claim of named plaintiff was common to and typical of the class of other exotic dancers misclassified as independent contractors under Pennsylvania wage and hour act who were denied overtime wages); and *Rehberg v. Flowers Baking Co. of Jamestown*, LLC, 2015 U.S. Dist. LEXIS 36929, at *12-*13 and at *19-*30 (finding that claim of named plaintiff was common to and typical of the class of distributors misclassified as independent contractors under NCWHA who were denied overtime wages).

E.    **The Plaintiff Has Met His Burden to Show That He Will Fairly and Adequately Protect the Interests of the Class**

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), Fed.R.Civ.P. This requirement consists of two components. First, the class counsel must be "qualified, experienced and

16

generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *vacated on other grounds*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The record before this Court shows that counsel for plaintiffs have sufficient experience to represent a class. See, e.g., *Haywood v. Barnes*, 109 F.R.D. at 579 (court finds that Robert J. Willis is competent and qualified to act as class counsel in class action certified in 1986); *Jimenez-Orozco*, 2007 U.S.Dist.LEXIS 93860, at *12-13 (court finds Robert J. Willis "has the requisite experience in handling class actions under the NCWHA and representative actions under the FLSA"); *Martinez-Hernandez*, 2008 U.S.Dist.LEXIS 111931, at *12-*13 (court finds Robert J. Willis is "experienced in handling class action wage and hour lawsuits"); and attached Declaration of Robert J. Willis, ¶¶5-8. Second, the proposed class representative must be a member of the class he purports to represent, and his interests must not be in conflict with those of the other class members. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)("*Amchem*"). Here, the record shows that the plaintiff has supplied an extensive Declaration in support of the Plaintiffs' Rule 23 Motion, and fully cooperated with his counsel. *See* attached Declaration of Robert J. Willis, ¶¶1-4. The record also shows that the interests of the named plaintiff are not in conflict with the members of the class he seeks to represent. *See* evidence cited in Part II above of this Memorandum. In these circumstances, the plaintiff submits that he has met his burden to show adequacy of representation under Rule 23(a)(4). *Rehberg*, *supra*, 2015 U.S. Dist. LEXIS 36929, at *30-*33.

17

F.     **The Plaintiff Has Met Their Burden to Show That the Class Is Maintainable Under Rule 23(b)(3)**

To be certified under Rule 23(b)(3), plaintiffs must satisfy the "predominance" and "superiority" components of the rule.  *Amchem*, *supra*, 521 U.S. at 615.  These requirements were added to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* (quoting Rule 23 Advisory Committee's Notes (1966 amend. Subdiv. (b)(3)).  Rule 23(b)(3) specifically lists four factors pertinent to the court's determinations regarding predominance and superiority:

(A)     the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)     the likely difficulties in managing a class action.

Rule 23(b)(3), Fed.R.Civ.P.

With respect to the first factor, the plaintiffs contend that none of the putative class members have any interest in proceeding separately. Such individualized lawsuits would be financially burdensome, and many putative class members likely do not have the means or ability to prosecute their claims separately. On the other hand, the advantages of determining

18

the common issues by means of a class action are evident, as all employees in the class could finalize their claims in one proceeding rather than in multiple individual suits. *See Rehberg*, *supra*, 2015 U.S. Dist. LEXIS 36929, at *33-*36; *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 478 (E.D.N.C. 2010); *Martinez-Hernandez v. Butterball, LLC*, No. 5:07-CV-174-H(2), 2008 U.S. Dist. LEXIS 111931, at *14 (E.D.N.C. Nov. 14, 2008). With respect to the second factor, there is no similar ongoing litigation by any class member against any of the Defendants. With respect to the third factor, the sole place of business of defendant Jeffrey W. Alley is located within this district, and there is no reason why this Court would not be a desirable forum for the litigation. With respect to the fourth factor, the plaintiff submits that the size or proof issues involved in this case do not foretell any significant problems of manageability.

Regarding the predominance inquiry, the plaintiff submits that the legal and factual issues common to the putative class predominate over any individual issues of law or fact. The use of the "employment practices and policies with regard to promised wages"[7] and misclassification of the Plaintiff and the members of the putative class that are defined in ¶(1) of the Plaintiff's Motion by defendant Jeffrey W. Alley affected all putative members of that class. The plaintiff recognizes that some factual differences may exist among the putative class members. Clearly, not all employees whose wages and work time was calculated by

---

[7] *See* footnote six, *supra*, defining this statutory and regulatory language.

19

defendant Jeffrey W. Alley through the weekly reports described in the answer of defendant Jeffrey W. Alley to interrogatory #12 suffered the same loss of wages.

However, the amount of the unpaid or underpaid wages that flow from the failure of defendant Jeffrey W. Alley to pay wages at the rate of 1½ times the regular rate of the Plaintiff and his fellow class members for hours worked in excess of 40 hours in the same workweek of can be readily ascertained and calculated through the use of the 1099 income records in the way that is detailed in ¶¶38-41 at pages 13-17 of the Torres Declaration that is attached to this Brief. Thus, at least with respect to the employment practices and policies with respect to promised wages of defendant Jeffrey W. Alley, the factfinder's determination as to the liability of defendant Jeffrey W. Alley and the damages that flow from any liability determination can be obtained from identifiable and precise sources of proof based upon common issues of law and fact.

Pursuant to applicable precedent, the Court's superiority inquiry is guided by a comparison of the possible alternatives to a class action, and then to determine if any is superior to the proposed class action. *McLaurin*, 271 F.R.D. at 479. The alternative to class action litigation in this case is individual lawsuits by class members. Based on the relatively small amount of wages claimed in this case, it does not appear that the putative class members would have a great interest or desire in bringing individual suits against defendant Jeffrey W. Alley. "Even if the putative class members were inclined to pursue individual actions, there is no doubt this would be more burdensome on the class members, and it would

20

likely be less efficient use of judicial resources." *McLaurin*, 271 F.R.D. at 471 (citing *Martinez-Hernandez*, 2008 U.S.Dist.LEXIS 111931, at *14; and *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 909 (N.D.Iowa 2008)). Under these circumstances, the plaintiff submits that the superiority requirement has been met.

### G. The Proposed Class Notice and Method of Distribution Meet the Requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and case law interpreting Rule 23(c)(2)(B) establish that a class action under Rule 23(b)(3) may not be certified without notice to the class in a form prescribed by the Court. *See Speaks v. United States Tobacco Coop, Inc.*, 324 F.R.D. 112, 156 (E.D.N.C. 2018). Under Rule 23(c)(2)(B), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all class members who can be identified through reasonable effort. Id.

The plaintiff respectfully submits that the content of the attached proposed notice and distribution of that notice by U.S. Mail, postage prepaid, first class delivery, of that notice are the best practicable notice and method of effecting that notice under the circumstances. The Notice to Class and method of distribution that are attached to and detailed in the Plaintiff's Motion for Class Certification are modeled on a class notice that at least one other federal court sitting in this has approved for use in another class filed under the NCWHA, the FLSA, and the common law of contracts. *See Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL (E.D.N.C. Order filed March 5, 2008)(copy attached). The notice will be

21

translated into Spanish after its language is approved. *See also Kansas Hospital Association v. Whiteman*, 167 F.R.D. 144, 146-47 (D.Kan. 1996)(ordering distribution of class notices by means of flyer to be included in defendant's regular mailings to plaintiff class members).

The contents of the Notice to Plaintiff Class and Notice to Defendant Class are also sufficient. *See Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL (E.D.N.C. Order filed March 5, 2008)(copy attached). Although no rigid standards govern the contents of notice to class members, the notice must "fairly apprise the prospective members of the class of the nature of the class action and the options that are open to members of the class in connection with [the] proceedings . . .". *See Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.)(quoting *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F.Supp. 364, 378 (E.D.Pa. 1970), *aff'd sub nom.*, *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir. 1971), *cert.denied*, 423 U.S. 864 (1975); *Mangone v. First USA Bank*, 206 F.R.D. 222, 233-24 (S.D.Ill. 2001).

The proposed Notice to Plaintiff Class and Notice to Defendant Class that are attached to this Joint Motion summarize the nature of the pending litigation and the issues involved in this litigation. The Notice also apprises the members of the class that the plaintiff seeks to represent, among other things, as to the identity and mailing address of class counsel so that information may be obtained through communication with Spanish-speaking counsel for the class that the plaintiff seeks to represent or other employees of plaintiff's lead counsel who speak Spanish by any member of that class. Furthermore, the Notice also apprises the members

22

of that same class action that any member of that same class action may opt out of this action should that member desire to do so, but that if they do not so by the specified deadline for doing so, that they will be bound by the Court's determinations as to the merits of the plaintiff's claims in this action. It further informs the class members that they may enter an appearance through an attorney if the class member so desires. *See* Rule 23(c)(2)(B)(i)-(vii), Fed.R.Civ.P. (listing required criteria for class notice for class certified under Rule 23(b)(3)).

## V.  CONCLUSION

For the foregoing reasons, the named plaintiff contends that the Court should grant in its entirety Plaintiff's Motion for certification of this action as a class action under Rule 23(b)(3) for both liability and damages with respect to the class described in ¶(1) of that same Motion. The named plaintiff further requests that the Court should order Defendant Jeffrey W. Alley to provide the contact address, telephone, and e-mail address information sought in ¶(3) at page 3 of the Plaintiff's Motion, and approve the named plaintiffs' mailing of the Notice described in ¶(4) of that same Motion within 15 days from the date on which the Court-ordered contact information is provided to Plaintiff's counsel to the last known address of each such current or former construction or concrete pursuant to Rule 23(c)(1), Fed.R.Civ.P.

23

This the 23rd day of January 2019.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:   <u>/s/ Robert J. Willis</u>
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
Fax: (919)821-1763
Tel: (919)821-9031
E-mail: rwillis@rjwillis-law.com

488 Thompson Street
Pittsboro, NC  27312
Counsel for Plaintiff

24

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this the 23rd day of January 2019 served a copy of the original of the foregoing document on the following person(s) and/or entities listed below by U.S. Mail, postage prepaid, first class delivery, addressed as follows:

> Jeffrey W. Alley
> P.O. Box 754
> Oak Ridge, NC 27310
> Tel: (336)389-7279
> Alley.jeff8@gmail.com
>
> Judith Bautista Alley
> P.O. Box 454
> Oak Ridge, NC 27310
> jjjalley@gmail.com
>
> Alpha Construction of the Triad, Inc.
> c/o Judith Bautista Alley, President of Alpha Construction
>   of the Triad, Inc.
> P.O. Box 454
> Oak Ridge, NC 27310
> jjjalley@gmail.com

And to certify on this the 23rd day of January, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

> This the 23rd day of January, 2019.

> /s/ Robert J. Willis
> Robert J. Willis
> Counsel for Plaintiff
> E-mail: rwillis@rjwillis-law.com

25

**CERTIFICATE OF COMPLIANCE WITH LENGTH
LIMITATIONS OF LR 7.3(d), MDNC**

Relying on the Word Count function of Microsoft Word, I hereby certify that this brief complies with Local Rule 7.3, MDNC, because it has a word count of 5,903 words excluding those portions specified in Local Rule 7.3(d)(1), MDNC, as exempt from the maximum word count.

/s/ Robert J. Willis
Plaintiff's Counsel