IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PEDRO TORRES-TINAJERO, on         )
behalf of himself and all other   )
similarly situated persons,       )
                                  )
            Plaintiffs,            )
                                  )
     v.                            )            1:18CV160
                                  )
ALPHA CONSTRUCTION OF THE         )
TRIAD, INC. and JEFFREY W.        )
ALLEY,                             )
            Defendants.[1]         )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Plaintiff Pedro Torres-Tinajero's Motion for Class Certification and for Approval of Class Notice and Method of Distribution. (Doc. 51.) Plaintiff has filed a brief in support of his motion, (Doc. 52), and Defendants, proceeding pro se, have not responded.[2] For the

---

[1] Judith J. Bautista is no longer a defendant in this action. (See Docs. 57, 60; Docket Entry dated 03/14/19.)

[2] The Magistrate Judge previously permitted Defendants' counsel to withdraw. (Doc. 42.) New counsel for Defendant Alpha Construction of the Triad, Inc. ("Alpha") has not appeared, despite this court's admonishment that a corporate defendant may not proceed pro se in federal court. (See Doc. 53 at 3 (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).)

reasons set forth herein, Plaintiff's motion will be denied without prejudice to him renewing it in the future.

I. **BACKGROUND**

Plaintiff brought this case as both a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and a class action under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq. (Complaint ("Compl.") (Doc. 1) ¶ 1.) This court has federal question jurisdiction over Plaintiff's FLSA claim, see 28 U.S.C. §§ 1331, 1337; 29 U.S.C. § 216(b), and can exercise supplemental jurisdiction over Plaintiff's NCWHA claims, see 28 U.S.C. § 1367(a), (c).

Plaintiff's FLSA claim is for unpaid overtime wages. (Compl. (Doc. 1) ¶ 2.) Plaintiff brings two NCWHA claims, one of which Plaintiff alleges in the alternative to the FLSA claim. (See id. ¶¶ 3-4.) Plaintiff's first NCWHA claim is based on Defendants' failure to pay overtime wages when due on the scheduled payday under N.C. Gen. Stat. § 95-25.6. (See id. ¶ 3.) Plaintiff's second NCWHA claim, which he alleges in the alternative to the FLSA claim, is for unpaid overtime wages under N.C. Gen. Stat. § 95-25.4. (See id. ¶ 4.)

Plaintiff moves to certify a class as to the payday claim under N.C. Gen. Stat. § 95-25.6 or, in the alternative, a class as to the NCWHA overtime claim under N.C. Gen. Stat. § 95-25.4. (See Pl.'s Mot. for Class Cert. (Doc. 51) at 1-3; see also Pl.'s Br. in Supp. of Mot. to Certify Class ("Pl.'s Br.") (Doc. 52) at 2-4.) Plaintiff moved to certify a class when he did, on January 23, 2019, to comply with Local Rule 23.1(b)'s deadline, which Magistrate Judge Peake extended until February 1, 2019. (See Pl.'s Mot. for Class Cert. (Doc. 51) at 1; Doc. 42 at 3.) Under Local Rule 23.1(b), a plaintiff has ninety days from filing a class action complaint to move to certify a class. LR 23.1(b). That ninety-day window does not apply to a motion for conditional certification of collective action under the FLSA. Clark v. Wells Fargo Fin., Inc., No. 1:08CV343, 2008 WL 4787444, at *8 (M.D.N.C. Oct. 30, 2008), R&R adopted by, No. 1:08CV343, 2009 WL 10715692 (M.D.N.C. Sept. 8, 2009). And Plaintiff does not move contemporaneously for conditional certification of collective action under the FLSA because he "has not obtained any of the discovery necessary to conclusively establish that the plaintiff's employment was subject to 'enterprise coverage'" under the FLSA. (Pl.'s Mot. for Class Cert. (Doc. 51) at 1 n.1.)

## II. **DISCUSSION**

The court will deny Plaintiff's motion without prejudice to him refiling it accompanied by, or after, a motion for conditional certification of collective action under the FLSA. Granting Plaintiff's motion for class certification as to an NCWHA claim, at this time, would be a premature decision.

### A. **Class Certification**

Under Federal Rule of Civil Procedure 23, a plaintiff seeking to sue on behalf of a class must satisfy all four requirements of Rule 23(a) and one of the requirements of Rule 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). The prerequisites under Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiff seeks to maintain this class action under Rule 23(b)(3), which is proper when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff arguably meets the four prerequisites under Rule 23(a): (i) numerosity, (ii) commonality, (iii) typicality, and (iv) adequacy of representation. While the court is not immediately convinced that Plaintiff's alleged class of more than forty persons, (see Compl. (Doc. 1) ¶ 21), conclusively meets the numerosity requirement, classes with as few as eighteen members have been certified, see Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967). Further, other factors supporting the impracticability of joinder under Rule 23(a)(1) are present here, e.g., non-English-speaking class members and seasonal work resulting in the geographic dispersion of members. (See Pl.'s Br. (Doc. 52) at 12, 21.) As to commonality, some of Plaintiff's alleged common questions of law and fact will involve individual analysis of the business and time-keeping records relating to each individual class member. Those individual questions, however, likely go to damages and do not predominate over the common issues. See Berber v. Hutchison Tree Serv., No. 5:15-CV-143-D, 2018 WL 3869980, at *9 (E.D.N.C. Aug. 14, 2018); see also Romero v. Mountaire Farms, Inc., 796 F. Supp. 2d 700, 714 (E.D.N.C. 2011) (citing Broussard v. Meineke Discount Muffler

Shops, Inc., 155 F.3d 331, 344 (4th Cir.1998)) ("The commonality and typicality requirements may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the other class members."). The court is satisfied that Plaintiff meets the typicality and adequacy-of-representation requirements of Rule 23(a). Likewise, Plaintiff arguably meets Rule 23(b)(3)'s requirements. (See Compl. (Doc. 1) ¶¶ 26(a)-(e).) The court's concerns at this juncture are not with class certification under Rule 23. Rather, they are jurisdictional.

B. **Jurisdictional Issues**

Plaintiff brought this case as an FLSA collective action, which established this court's original jurisdiction. See 28 U.S.C. §§ 1331, 1337. The court then exercised supplemental jurisdiction over Plaintiff's NCWHA claims because those state claims form part of the same "case or controversy" under 28 U.S.C. § 1367(a) as the federal claim in that they "derive from a common nucleus of operative fact." See McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 471 (E.D.N.C. 2010) (internal quotation marks omitted) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Courts in the Fourth Circuit routinely adjudicate FLSA claims and state wage and hour claims in the same case. See, e.g., Calderon v. GEICO Gen. Ins. Co.,

279 F.R.D. 337, 342 (D. Md. 2012) (citations omitted); Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 818 (E.D.N.C. 2008). A plaintiff typically moves for conditional certification of the FLSA collective action either before or at the same time as moving for class certification of the state claims under Federal Rule of Civil Procedure 23. See, e.g., Rehberg v. Flowers Baking Co. of Jamestown, LLC, 162 F. Supp. 3d 490, 496 (W.D.N.C. 2016); Romero, 796 F. Supp. 2d at 705. A court can then decide whether to continue to exercise supplemental jurisdiction over the state claims knowing that it will certify, or has already certified, collective action of the FLSA claim, ensuring continued federal question jurisdiction.

Here, Plaintiff has not moved for conditional certification of a collective action as to his FLSA claim. Plaintiff asserts that a lack of discovery on the question of whether the class members' "employment was subject to 'enterprise coverage' under 29 U.S.C. § 203(s)(1)(A)(i)-(ii) of the FLSA" prevents him from doing so. (See Pl.'s Mot. for Class Cert. (Doc. 51) at 1 n.1.) Defendants dispute such coverage, raising as an affirmative defense in their Answer that Defendant Alpha "does not have an annual gross volume of sales or business done exceeding $500,000.00" (Doc. 14 at 5.) That is, Defendants affirmatively

deny "enterprise coverage" under the FLSA. See 29 U.S.C. § 203(s)(1)(A)(ii).

If Plaintiff is unable to establish "enterprise coverage" under the FLSA, the FLSA claim might be dismissed. If that transpires, this court likely would not continue to exercise supplemental jurisdiction over Plaintiff's NCWHA claims. The court has discretion to decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); see City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997). If Plaintiff's FLSA claim is dismissed or otherwise abandoned, this court could decline to exercise supplemental jurisdiction over the NCWHA claims under 28 U.S.C. § 1367(c)(3) and remand the case to state court. See Adkins v. City of York, No. 0:17-CV-01053-MBS, 2018 WL 1040449, at *3 (D.S.C. Feb. 26, 2018) (remanding the case to state court for lack of subject matter jurisdiction where plaintiffs sought wages due only under state law and not the FLSA also).

Even at this stage of the proceedings, there are certain considerations that cause the court to pause in exercising supplemental jurisdiction over the NCWHA claims. As Plaintiff correctly notes, (see Pl.'s Br. (Doc. 52) at 3 n.2), he cannot bring both an FLSA collective action seeking overtime wages and a class action seeking the same under N.C. Gen. Stat. § 95-25.4, even if the substantive right to the overtime pay stems from federal law for the FLSA claim and North Carolina law for the NCWHA claim. That is because North Carolina law itself provides that the FLSA preempts claims for overtime pay brought under N.C. Gen. Stat. § 95-25.4. See N.C. Gen. Stat. 95-25.14(a)(1); see also Luna-Reyes v. RFI Constr., LLC, 109 F. Supp. 3d 744, 752 (M.D.N.C. 2015). To sidestep this issue, Plaintiff also brings a payday claim under N.C. Gen. Stat. § 95-25.6. Plaintiff argues that, under North Carolina law, the FLSA does not preempt claims under § 95-25.6. (See Pl.'s Br. (Doc. 52) at 3 n.2 (citing Whitehead v. Sparrow Enter., Inc., 167 N.C. App. 178, 182-83, 605 S.E.2d 234, 237 (2004)). Plaintiff is correct that North Carolina law does not explicitly provide that the FLSA preempts payday claims under § 95-25.6; however, Plaintiff's payday claim could be construed, at bottom, as one for overtime wages and perhaps preempted nevertheless. See Lima v. MH & WH, LLC, No. 5:14-CV-896-FL, 2019 WL 2602142, at *13 (E.D.N.C.

-9-

Mar. 8, 2019) ("[A]llowing plaintiff to recover overtime wages under the NCWHA, through the avenue of a 'payday' claim under § 95-25.6, would render meaningless the exemption for overtime claims in § 95-25.14(a)."); but see Romero, 796 F. Supp. 2d at 710 (certifying class as to payday claim for overtime wages under N.C. Gen. Stat. § 95-25.6; finding claim not preempted by the FLSA); Martinez-Hernandez, 578 F. Supp. 2d at 820 (allowing claims to proceed that did not invoke the FLSA's overtime provision but instead North Carolina's payday statute and thus finding them not preempted by the FLSA). If that is the case – which this court does not decide – then Plaintiff's case will either proceed as to the FLSA claim only or the NCWHA claim(s) only, which only highlights further the forthcoming jurisdictional issues.

Further, certain procedures for a collective action under the FLSA and a class action under Rule 23(b)(3) are in tension. As to member participation, Congress chose an opt-in procedure for FLSA collective action and employed an opt-out procedure under Rule 23(b)(3). See 29 U.S.C. § 216(b); Fed. R. Civ. P. 23(c)(2). Some courts have found this to be a significant consideration in declining to exercise supplemental jurisdiction over state wage and hour claims. See, e.g., De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310-13 (3d Cir. 2003); but see

-10-

McLaurin, 271 F.R.D. at 472 (noting the lack of Fourth Circuit precedent on the opt-in/opt-out issue and granting conditional certification of the FLSA claim as well as class certification under Rule 23(b)(3)). This opt-in/opt-out tension is compounded where, as here, the potential class members are non-English speakers who are likely to be even more confused by the different procedures. See De Luna-Guerrero v. N.C. Grower's Ass'n, Inc., 338 F. Supp. 2d 649, 653 (E.D.N.C. 2004).

The court raises these issues merely to support its conclusion that it would be unwise to prematurely certify a Rule 23 class as to either of the NCWHA claims at this juncture. Certification of a collective action as to Plaintiff's FLSA claim will crystallize this court's supplemental jurisdiction over Plaintiff's NCWHA claims.

In addition to the issues raised hereinabove, there are two procedural issues that support denying class certification at this time.

First, Plaintiff recently filed a notice stating that Defendant Jeffrey W. Alley has not responded to Plaintiff's Requests for Admission. (Doc. 63 at 1.) However, that notice does not seek any relief from this court. (See id. at 1-3.) Discovery in this case has been ongoing since August 9, 2018. (See Doc. 17.) The absence, after eleven months, of any evidence

to demonstrate that Defendant Alley and/or Defendant Alpha are part of an "enterprise" within the meaning of the FLSA is of significant concern.

Second, when counsel for all Defendants was permitted to withdraw on October 24, 2018, Defendants, including Alpha, were granted thirty days to retain substitute counsel. (Doc. 42 at 3.) Defendant Alpha was cautioned at the time that "a corporate entity may not appear pro se in federal court." (Id. at 2-3.) Neither the individual Defendant, Jeffrey Alley, nor the organizational Defendant, Alpha, has filed a document or appeared in this case since October 2018. If Plaintiff is unable to demonstrate that Defendants are subject to the FLSA, or that an employer of any type still exists as a defendant in this case, then it would be difficult to persuade this court that certification of a class action under state law is an appropriate – or even permitted – exercise of this court's jurisdiction.

In sum, granting Plaintiff's motion at this time would be imprudent. The court extends Plaintiff's time to file a motion for class certification under Federal Rule of Civil Procedure 23 pending further discovery. See LR 23.1(b). If necessary, the Magistrate Judge may extend the discovery deadline, which is currently September 30, 2019. (Doc. 42 at 2.) Plaintiff may

renew his motion, or file a new one, when he seeks collective action treatment of his FLSA claim.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Class Certification and for Approval of Class Notice and Method of Distribution, (Doc. 51), is **DENIED WITHOUT PREJUDICE** as described herein.

This the 24th day of July, 2019.

_____
United States District Judge