```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

PEDRO TORRES-TINAJERO, on       )
behalf of himself and all other )
similarly situated persons,     )
                                )
            Plaintiffs,         )
                                )
     v.                         )      1:18CV160
                                )
ALPHA CONSTRUCTION OF THE       )
TRIAD, INC., and JEFFREY W.     )
ALLEY,                          )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff, Pedro Torres-Tinajero, filed this Complaint alleging claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq. ("NCWHA"). (Doc. 1.) Plaintiff named as defendants Alpha Construction of the Triad, Inc., ("Alpha"), Judith J. Bautista,[1] and Jeffrey W. Alley, ("Alley"). (Id.) Plaintiff resolved his claims against Judith J. Bautista. (Doc. 57.) Plaintiff has moved for summary judgment against Alpha and Alley. (Doc. 66.) Neither Alpha nor Alley

---

[1] Judith J. Bautista is no longer a defendant in this action. (See Docs. 57, 60; Docket Entry dated 03/14/19.)

filed a response to the motion for summary judgment. Plaintiff's motion is ripe for ruling and, for the reasons set forth, the motion for summary judgment will be granted.

## I.  FACTS

In support of the motion for summary judgment, Plaintiff has filed the declaration of Plaintiff, (Docs. 52-2, 69), the declarations of Yoana Caceres, (Docs. 52-3, 67-3, 69), and requests for admission to Alpha and Alley to which no response was filed. (Doc. 68.) As a result, those requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). In the absence of a response from Defendants, the facts are not contested. Defendants have admitted the allegations contained in paragraphs 9-17 and 27-47 of the Complaint. Those admissions are adopted as facts for purposes of this Memorandum Opinion and Order and incorporated herein by reference.

Alpha is a North Carolina corporation with a principal office in Kernersville, North Carolina. (Doc. 67-2.) Alley was the registered agent and an officer of Alpha. (Id.) According to Plaintiff, Alley was the Secretary of Alpha. (Declaration of Plaintiff Pedro Torres-Tinajero ("Tinajero Decl.") (Doc. 52-2) ¶ 10.) Both Alley and Bautista owned and operated Alpha, (id. ¶ 12), and directed the construction work performed by Plaintiff. (Id. ¶ 16.)

Plaintiff lives in Winston-Salem, North Carolina, (Complaint ("Compl.") (Doc. 1) ¶ 4), was employed as a construction worker by Alpha from approximately 2013 until November 18, 2017. (Tinajero Decl. (Doc. 52-2) ¶ 3.) Alley and a project superintendent, Zachary Frederick, "directed, controlled, and supervised" Plaintiff's work on a daily basis. (Tinajero Decl. (Doc. 52-2) ¶ 20.) Plaintiff was paid by the hour during the years 2014-2017. (Tinajero Decl. (Doc. 52-2) ¶ 16a.) Plaintiff performed more than 40 hours of work per week but was not paid an overtime rate. (Id. ¶ 7.) The hourly rate of pay in 2015 was $18 per hour, (id. ¶ 28), and increased to $20 per hour in 2016 and $22 in 2017. (Id. ¶¶ 31, 34.) In each of those years, Plaintiff worked at least four workweeks during which he performed more than 40 hours of work for Alpha and Alley. (Id. ¶¶ 29, 32, 35.) Plaintiff was paid only the regular hourly rate and no extra compensation for those hours over 40 hours of work in the same workweek. (Id.)

Plaintiffs has calculated his total unpaid wages for 2015-2017 to be $25,868.80. (Id. ¶ 41.)

## II. ANALYSIS

This court has federal question jurisdiction over Plaintiff's FLSA claim, see 28 U.S.C. §§ 1331, 1337; 29 U.S.C.

-3-

§ 216(b), and will exercise supplemental jurisdiction over Plaintiff's NCWHA claims. See 28 U.S.C. § 1367(a), (c).

Plaintiff's FLSA claim is for unpaid overtime wages. (Compl. (Doc. 1) ¶ 2.) Plaintiff brings two NCWHA claims, one of which Plaintiff alleges in the alternative to the FLSA claim. (See id. ¶¶ 3-4.) Plaintiff's first NCWHA claim is based on Defendants' failure to pay overtime wages when due on the scheduled payday under N.C. Gen. Stat. § 95-25.6. (See id. ¶ 3.) Plaintiff's second NCWHA claim, which he alleges in the alternative to the FLSA claim, is for unpaid overtime wages under N.C. Gen. Stat. § 95-25.4. (See id. ¶ 4.)

By failing to respond to the motion for summary judgment, Defendants have conceded the merits of Plaintiff's motion. "If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e). "The failure to file a response may cause the Court to find that the motion is uncontested." LR 56.1(d). In the absence of any response from Defendants, this court has reviewed the undisputed facts and supporting materials.

-4-

Case 1:18-cv-00160-WO-JEP   Document 71   Filed 09/09/20   Page 4 of 12

## A. The Fair Labor Standards Act Claim

Turning first to Plaintiff's FLSA claim,

> [t]he FLSA generally requires that employers pay overtime in the amount of one-and-a-half times an employee's "regular rate" for each hour their employees work in excess of 40 per week. 29 U.S.C. § 207(a)(1). That requirement was intended "to spread employment by placing financial pressure on the employer" and "to compensate employees for the burden of a workweek in excess of the hours fixed in the Act." Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 40, 65 S. Ct. 11, 89 L. Ed. 29 (1944).

Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 121 (4th Cir. 2015). It is not disputed that Plaintiff worked in excess of 40 hours per week and was not compensated for that work at the required rate of pay. During the period of 2015-2017, Defendants violated the minimum wage provisions of 29 U.S.C. §§ 206 and 215(a)(2) by failing to compensate Plaintiff for hours worked over forty at one and one-half times the regular rate.

Plaintiff has brought these claims against both Alpha and Alley, an officer of Alpha.

> The term "employer" under the FLSA is generally "interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations." Pearson v. Prof'l 50 States Prot., LLC, No. RDB-09-3232, 2010 WL 4225533, at *3 (D. Md. Oct. 26, 2010); see also Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 304 (4th Cir. 2006) (articulating that the FLSA should be interpreted broadly). The scope of the FLSA, however, is not limitless. See Benshoff v. City of Virginia Beach, 180 F.3d 136, 140 (4th Cir. 1999). For two separate entities to constitute a "single enterprise" under the FLSA, they must conduct: "(1) related activities, (2)

-5-

> performed under unified operations or common control, and (3) for a common business purpose." Brock v. Hamad*,* 867 F.2d 804, 806 (4th Cir. 1989); see also Martin v. Deiriggi*,* 985 F.2d 129, 133 (4th Cir. 1992) (applying the three elements to determine a "single enterprise" for FLSA purposes).

Gilbert v. Freshbikes, LLC, 32 F. Supp. 3d 594, 604 (D. Md. 2014). "'[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions.' 29 C.F.R. § 791.2(a)." Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 305 (4th Cir. 2006). Employers can include both companies and their officers. See Brock v. Hamad*,* 867 F.2d 804, 808 n.6 (4th Cir. 1989) (finding a manager liable for FLSA violations as an "employer" because "he hired and directed the employees who worked for the enterprise").

The undisputed facts in this case show that Alpha and Alley were joint employers; Alpha and Alley were "'not completely disassociated with respect to the employment of [the agents],' and [Alley] 'share[d] control of the [agents]' with [Alpha]. [29 C.F.R.] § 791.2(b)(3)." Schultz, 466 F.3d at 306. In the absence of any contrary facts, the court finds that during the period of 2015-2017, both Alpha and Alley were employers of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

-6-

Given the facts found, including those admitted by Defendants' failure to respond, this court concludes Defendants' acts or omissions leading to their failure to pay overtime were willful, subjecting Defendants to back wage liability for a period commencing three years prior to the filing of the complaint herein, see 29 U.S.C. § 255(a), which encompasses the entire period for which Plaintiff seeks to recover unpaid overtime compensation.

Defendants Alpha and Alley willfully violated the Plaintiff's right to receipt of overtime wages as required by 29 U.S.C. § 207(a)(1) within the meaning of 29 U.S.C. § 255(a). See Martin v. Deiriggi, 985 F.2d 129, 135-36 (4th Cir. 1992) (finding that "defendants knew that their employment practices were in clear violation of the FLSA" (internal quotations and citations omitted)). An employer's violation of the FLSA is willful if the employer either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FLSA. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). As discussed hereinabove, Defendants have not contested the facts set forth in Plaintiff's declaration. (Tinajero Decl. (Doc. 52-2).) Those facts include the fact that Defendants provided and paid for workers' compensation insurance for Plaintiff, (id. ¶ 21), and that each of the Defendants

determined the rate of pay, (id. ¶ 23). Based on Defendants' experience with workers' compensation and payroll, it is clear that Defendants were an experienced employer, and Defendants acted in reckless and willful disregard of the requirements of the FLSA with respect to these matters. Accordingly, Plaintiff is entitled to payment of wages which have been violated for the entire three-year time period immediately preceding the date on which this action was filed, see 29 U.S.C. § 255(a), at the overtime rate required by 29 U.S.C. § 207(a).

This court finds summary judgment should be granted in favor of Plaintiff on the Fair Labor Standards Act claim. This court further finds, based upon the evidence presented, that Plaintiff should be awarded damages for back wages and liquidated damages under 29 U.S.C. § 216(b). The amount of back wages owed is $25,868.80, (Tinajero Decl. (Doc. 52-2) ¶ 41), and liquidated damages are awarded in the amount of $25,868.80, for a total of $51,737.60.

    **B.**    **The North Carolina Wage and Hour Act**

Plaintiff also brings a claim in the alternative under North Carolina law in the event the Plaintiff's employment is not covered by the FLSA. (Compl. (Doc. 1) ¶ 4.) Plaintiff alleges Defendants' failure to pay overtime constitutes a

violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq.

N.C. Gen. Stat. § 95-25.4 provides: "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week." If an employer violates the provisions of N.C. Gen. Stat. § 95-25.4, the employer is liable to the employee in an amount equal to the unpaid overtime compensation plus liquidated damages equal to the amount found to be due unless the employer demonstrates any violation was in good faith. N.C. Gen. Stat. § 95-25.22(a) and (a1). Interest is to be awarded at the legal rate from the date each amount first came due. Id. § 95-25.22(e).

Nevertheless, as noted above, Plaintiff properly brings this overtime claim in the alternative "in the event that the plaintiff's employment . . . is not covered by the FLSA." (Compl. (Doc. 1) ¶ 4.) Under N.C. Gen. Stat. § 95-25.14, the FLSA preempts North Carolina's minimum wage (§ 95-25.3), overtime (§ 95-25.4), and recordkeeping (§ 95-25.15(b)) provisions. Based on the same facts found above, this court finds in the alternative that Defendants are in violation of N.C. Gen. Stat. § 95-25.4. However, the court, having found the

-9-

FLSA applies, only awards damages under the provisions of this statute in the alternative.

However, N.C. Gen. Stat. § 95-25.14 does not direct FLSA preemption as to Plaintiff's claim brought pursuant to N.C. Gen. Stat. § 95-25.6 for failing to pay promised wages when due on Plaintiff's regular payday. The FLSA preempts overtime claims "to the extent this cause of action seeks compensation under state law for overtime pay mandated by the FLSA or alleges that plaintiffs received less than the federal minimum wage . . . ." Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 819 (E.D.N.C. 2008). By contrast, the payday claim is designed to protect employees who did not receive the pay owed to them, independent of the overtime rate required by the FLSA. See id.

N.C. Gen. Stat. § 95-25.22 provides that "interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due" may be awarded for a violation of 95-25.6. In light of Plaintiff's claim under 95-25.6, this court will award interest on the unpaid overtime wages in accordance with the legal rate set forth in N.C. Gen. Stat. § 24.1 from the date the amounts first came due through entry of judgment. The court

-10-

Case 1:18-cv-00160-WO-JEP   Document 71   Filed 09/09/20   Page 10 of 12

FLSA applies, only awards damages under the provisions of this statute in the alternative.

However, N.C. Gen. Stat. § 95-25.14 does not direct FLSA preemption as to Plaintiff's claim brought pursuant to N.C. Gen. Stat. § 95-25.6 for failing to pay promised wages when due on Plaintiff's regular payday. The FLSA preempts overtime claims "to the extent this cause of action seeks compensation under state law for overtime pay mandated by the FLSA or alleges that plaintiffs received less than the federal minimum wage . . . ." Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 819 (E.D.N.C. 2008). By contrast, the payday claim is designed to protect employees who did not receive the pay owed to them, independent of the overtime rate required by the FLSA. See id.

N.C. Gen. Stat. § 95-25.22 provides that "interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due" may be awarded for a violation of 95-25.6. In light of Plaintiff's claim under 95-25.6, this court will award interest on the unpaid overtime wages in accordance with the legal rate set forth in N.C. Gen. Stat. § 24.1 from the date the amounts first came due through entry of judgment. The court

finds interest in the amount of $3,966.54 is due pursuant to
N.C. Gen. Stat. § 95-25.22.[2]

III. **CONCLUSION**

Based upon the foregoing analysis, this court finds Plaintiff's motion for summary judgment should be granted. Defendants are liable to Plaintiff under the Fair Labor Standards Act for unpaid overtime wages in the amount of $25,868.80 and liquidated damages in that same amount of $25,868.80 for a total of $51,737.60. In the alternative, in the event the FLSA should later be determined not to apply, this court finds Defendants are liable to Plaintiff for damages under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4, resulting from unpaid overtime wages in that same amount.

Defendants are also liable to Plaintiff for interest pursuant to N.C. Gen. Stat. § 95-25.22 in the amount of $3,966.54.

For the foregoing reasons,

---

[2] Plaintiff calculates his total unpaid wages for 2015-2017 to be $25,868.80. (Tinajero Decl. (Doc. 52-2) ¶ 41.) This court multiplies this principal amount by an interest rate of 8% to find interest in unpaid wages until October 1, 2019, is $2,069.50. The interest from October 1, 2019 until the date of this Memorandum Opinion and order, using an 8% simple interest rate over 11 months, is calculated to be in the amount of $1,897.04.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. 66), is **GRANTED** and that judgment be entered in favor of Plaintiff and that Defendants are jointly and severally liable to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover the sum of $51,737.60 from Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover from Defendants the sum of $3,966.54 in legal interest pursuant to N.C. Gen. Stat. § 95-25.22 as prejudgment interest, and interest at the legal rate from entry of judgment until paid.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

Plaintiff shall submit any motion or affidavit as to claims for attorney's fees within 30 days of the date of this Memorandum Opinion and Order.

This the 9th day of September, 2020.

/s/ William L. Osteen, Jr.
United States District Judge